# Inapplicability of the Federal Vacancies Reform Act's Reporting Requirements When PAS Officers Serve Under Statutory Holdover Provisions

There is no "vacancy" within the meaning of the Federal Vacancies Reform Act of 1998 when a presidentially appointed, Senate-confirmed officer continues to hold a position under a statutory holdover provision. Therefore, the holdover service is not reportable under the Act.

July 30, 1999

MEMORANDUM OPINION FOR THE GENERAL COUNSEL
OFFICE OF MANAGEMENT AND BUDGET

We recently received two inquires that raised the question whether service of a presidentially appointed, Senate-confirmed ("PAS") officer under a statutory holdover provision is reportable as a vacancy under the Federal Vacancies Reform Act of 1998 ("Vacancies Reform Act" or "Act"). As discussed below, we have concluded that holdover service is not a vacancy for purposes of the Act and therefore is not reportable. We wanted to inform you of our conclusion to facilitate a uniform approach among the executive agencies on the reporting of this information. Because the Act is somewhat confusing on the point, however, we also would strongly urge (and the White House Counsel's Office concurs) that you notify the General Accounting Office that the Administration is not reporting holdover positions as vacancies.

Statutory holdover provisions provide for an officer appointed for a term of years to continue to serve in the office at the expiration of the term for which he or she was appointed. In some cases that period is open-ended — statutorily defined as continuing until a successor is appointed. In other cases, the period continues until either a successor is appointed or a specific period of time has expired. In either case, the PAS officer's term in the office continues until the expiration of the statutorily defined holdover period.

As a matter of constitutional law, the executive branch consistently has taken the position that there is a vacancy for purposes of the Recess Appointments Clause when an appointment for a term of years expires and the officer continues serving under a holdover provision.[1] There is, however, no necessary correspondence between the meaning of a "vacancy" for purposes of the Recess Appoint-

---

[1] Judicial decisions on the issue have been mixed. *Compare Staebler v Carter*, 464 F. Supp. 585, 588–601 (D.D C. 1979) (holding that a Federal Election Commission ("FEC") office was vacant for Recess Appointments Clause purposes when the incumbent continued to exercise authority pursuant to a holdover provision that provided that "[a] member of the [FEC] may serve on the Commission after the expiration of his term until his successor has taken office") *with Mackie v. Clinton*, 827 F. Supp. 56, 58 (D.D.C. 1993) (whether a vacancy exists for Recess Appointments Clause purposes depends on the wording and structure of the particular holdover provision, deciding that the Postal Service holdover provision did not create a vacancy), *vacated as moot*, No 93–5287, 93–5289, 1994 WL 163761 (D C. Cir Mar. 9, 1994)

ments Clause and the meaning of a "vacancy" as used in a statute, such as the Vacancies Reform Act.

Under the Vacancies Reform Act, a "vacancy" occurs when a PAS officer "dies, resigns, or is otherwise unable to perform the functions and duties of the office." 5 U.S.C. § 3345(a) (Supp. IV 1998). This is a narrower idea of a vacancy than is applicable in the context of the Recess Appointments Clause. It is, as well, a definition that is not, by its terms, applicable to an officer serving under a statutory holdover provision. Under a holdover provision, the Senate-confirmed officer continues to serve in the office and therefore has not died, resigned, or become unable to perform the functions and duties of the office.

In addition, the Vacancies Reform Act provides, in a separate section specifically addressing service under a holdover provision, that the Act is not intended to affect the service of a PAS officer under such a provision:

> Sections 3345 through 3349a shall not be construed to affect any statute that authorizes a person to continue to serve in any office —
> > (1) after the expiration of the term for which such person is appointed; and
> > (2) until a successor is appointed or a specified period of time has expired.

5 U.S.C. § 3349b (Supp. IV 1998). As a result, we believe that there is no vacancy to be reported under the Act when a PAS officer continues service under a holdover provision.

Although we believe that this is the proper understanding of the Act, § 3345(c)(2) makes what would otherwise be a clear result somewhat less clear. Section 3345(c)(2) provides that "[f]or purposes of this section and sections 3346, 3347, 3348, 3349, 3349a, and 3349d, the expiration of a term of office is an inability to perform the functions and duties of such office." Viewed in isolation, this provision could be interpreted to extend the definition of a vacancy to cover service under a holdover provision. Section 3345(c)(2), however, must be interpreted in light of the purpose of § 3345(c) as a whole, and, as so interpreted, it does not alter the conclusion provided by examining the other provisions of the Act.[2]

Section 3345(c) was added as a late amendment to the Act for the purpose of creating an additional class of acting officers for a specific, narrow situation: officers holding fixed terms with no holdover provision who are renominated to

---

[2] The other part of section 3345(c) is subsection (c)(1), which provides.

Notwithstanding subsection (a)(1), the President (and only the President) may direct an officer who is nominated by the President for reappointment for an additional term to the same office in an Executive department without a break in service, to continue to serve in that office subject to the time limitations in section 3346, until such time as the Senate has acted to confirm or reject the nomination, notwithstanding adjournment sine die.

the office. *See* 144 Cong. Rec. S12,823 (daily ed. Oct. 21, 1998) (statement of Sen. Thompson) ("New § 3345(c) was added to address the special case of an executive department (not executive agency) officer who serves not at the pleasure of the President, but under a fixed term, and *without a holdover provision* that governs acting service in that office following expiration of the fixed term." (emphasis added)). Section 3345(c) was not intended to, and does not, supplant or alter the specific statement in § 3349b that the Act does not affect service under a statutory holdover provision.[3]

For these reasons, we believe that when an officer serves under a holdover provision, there is no reportable vacancy under the Act.

BETH NOLAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[3] Section 3345(c) refers to "the expiration of a term of office," and § 3349b refers to "the expiration of the term for which such person is appointed." The different phrases convey different meanings. As we discussed above, § 3345(c)(2) was meant to apply to situations in which there is *no* holdover provision and was not intended to supplant or alter the clear statement in § 3349b that the Act does not affect service under a holdover provision. But to the extent § 3345(c)(2) encompasses positions with holdover provisions, its reference to a term of office would sensibly include the full period of service in the office, including the holdover period Section 3349b, on the other hand, refers to "the expiration of the term *for which such person is appointed*" (emphasis added) when it unquestionably intends to exclude the holdover period. This is the term of years designated as the term of appointment in the statute governing appointment to the position *See, e.g.,* 28 U.S C. § 541(b) (1994) ("Each United States attorney shall be appointed for a term of four years On the expiration of his term, a United States attorney shall continue to perform the duties of his office until his successor is appointed and qualifies.")